IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

MEDINA-RODRIGUEZ,

    Plaintiffs,

    v.

HOLSUM DE PUERTO RICO, INC.,

    Defendant.

CIVIL NO. 15-3190 (PAD)

**MEMORANDUM AND ORDER**

Delgado-Hernández, District Judge.

Plaintiffs Norberto Medina-Rodríguez and María Suarez-Torres sued Holsum de Puerto Rico, Inc. for declaratory and injunctive relief under Title III of the Americans with Disabilities Act (ADA), 42 U.S.C. §12101 et seq. (Docket No. 15). Defendant moved to dismiss (Docket No. 45). Plaintiffs opposed dismissal (Docket No. 46). Defendant replied (Docket No. 49) and plaintiffs surreplied (Docket No. 50). For the reasons explained below, the defendant's motion is DENIED.

    **A. Standing**

Defendant challenges the court's jurisdiction, claiming plaintiffs lack standing to sue for injunctive relief under the ADA (Docket No. 45 at p. 1). For a plaintiff to have standing, she must establish three elements: (1) an injury in fact; (2) causation between the injury and the allegedly wrongful conduct; and (3) that the injury is likely to be redressed by a favorable decision from the court. See, Lujan v. Defenders. of Wildlife, 504 U.S. 555, 560, 561 (1992)(discussing standing). Allegedly disabled individuals suffer a concrete and particularized injury for standing purposes when they visit an establishment that, as described in the pleadings, does not comply with ADA.

See, Medina-Rodriguez v. Fernández Bakery, Inc., ---F.Supp.3d----, 2017 WL 2571283, * 2, 3 (D.P.R. June 14, 2017)(explaining and applying standing principles in ADA context).

Plaintiff essentially allege that during their visits to defendant's locations they experienced unnecessary difficulty and risk due to several barriers, and state those barriers will continue to cause them harm if not removed. While the allegations are not a model of clarity, they are sufficient to confer standing at this stage.[1] Causation is present, as both plaintiffs complain of disability discrimination on account of what they refer to as defendant's failure to remove allegedly illegal barriers in violation of Title III of the ADA. And they satisfy the element of redressability, for a favorable decision ordering defendant to remove those barriers would eliminate the discrimination plaintiffs allege to have experienced.[2]

**B. Motives**

Defendant attacks plaintiffs' motives in filing this and other cases they and their record attorney have initiated in this District (Docket No. 45-1, at pp. 12-15, 18-9). In its view, plaintiffs' "tester" allegations are nothing but an attempt to "cultivate" "carbon-copy" legal actions pending in the District, when the real party in interest here is the attorney. Id. at pp. 18-19. To that end, it questions the plausibility of the pleadings by way of comparing their nonapplicability to the factual

---

[1] As noted by the court in Medina-Rodriguez, however, some district courts follow a minority view, holding that a mere assertion to return to an establishment to verify ADA – compliance is insufficient to establish standing.

[2] Even though plaintiffs are self-described "testers" (Docket No. 46 at p. 4 n.2) "tester" motive does not defeat standing. See Medina-Rodriguez, 2017 WL 2571283 at *2 n.5 (collecting cases); Houston v. Marod Supermarkets, Inc., 733 F.3d 1323, 1332 (11th Cir. 2013) (concluding that plaintiff's status as tester does not void his standing to bring a Title III ADA claim because motive is irrelevant); Tandy v. City of Wichita, 380 F.3d 1277, 1287 (10th Cir. 2004) (holding testers have standing to sue under Title II of the ADA); Kyles v. J.K. Guardian Sec. Servs., Inc., 222 F.3d 289, 298 (7th Cir. 2000) (determining that employment discrimination testers have standing to sue and noting the public benefit in uncovering and eliminating discriminatory practices); cf. Harty v. Simon Prop. Grp., L.P., 428 Fed.Appx. 69, 70 (2nd Cir. 2011) (affirming standing when plaintiff plans to return to facility both as patron and tester).

context at hand, pointing to similar allegations in every lawsuit that the same attorney has filed. Id. at p. 16.

The court already referred this and 26 other cases the same attorney filed to U.S. Magistrate Judge Bruce McGiverin to receive evidence, hold hearings, perform legal analysis and issue a report and recommendation to determine whether the actions are frivolous or malicious (Docket No. 53). In consequence, the court will grant defendant leave to renew its request to dismiss on plausibility grounds should the Magistrate Judge's findings warrant doing so, albeit the factual basis for, and accuracy of the pleadings may be explored during discovery.

**C. Damages/Compliance**

Defendant requests that a damages claim predicated on disability under the Puerto Rico Civil Rights Act, Law 131 of May 13, 1943, as amended, which plaintiff included in the complaint but dropped from the amended complaint be dismissed with prejudice (Docket No. 45 at p. 2). The operative claims are those set in the amended complaint. Thus, there is no need to address the merits – if any – of any Law 131 claim in this context.

Finally, defendant contends that it has already complied with ADA by removing all barriers at the Tiendita in Carolina in accordance with the standard applicable to a facility designed and constructed before January 26, 1993. Plaintiffs seem to concede this matter, but no formal position was advanced in their opposing papers. Even though the court understands that the allegations are not limited to the Carolina location, plaintiffs shall show cause, by September 28, 2017, as to why the claims pertaining to the Tiendita Holsum in Carolina should not be dismissed in light of Holsum's representation.

**D. Conclusion**

In view of the foregoing, the motion to dismiss at Docket No. 45 must be denied. An Order for the parties to file a Joint Pretrial Conference Report will follow.

**SO ORDERED.**

In San Juan, Puerto Rico, this 18th day of September, 2017.

                                                        s/Pedro A. Delgado-Hernández
                                                        PEDRO A. DELGADO HERNANDEZ
                                                        U.S. DISTRICT JUDGE